**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4414**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

     v.

EUGENE A. BROWN,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:13-cr-00015-JPJ-PMS-1)

———————

Submitted:  December 18, 2014     Decided:  December 22, 2014

———————

Before SHEDD, WYNN, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Christine Madeline Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Kevin L. Jayne, Special Assistant U.S. Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene A. Brown appeals from his eighty-four-month sentence imposed pursuant to his guilty plea to being an inmate in a federal prison possessing marijuana, conspiracy to be an inmate in a federal prison possessing marijuana, possession of marijuana with the intent to distribute, and conspiracy to possess marijuana with the intent to distribute. On appeal, Brown argues that his sentence is substantively unreasonable due to the application of the career offender sentencing guideline and the severity of the sentence. We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 51 (2007). Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness, applying the abuse-of-discretion standard. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a)

[2012] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted), cert. denied, 135 S. Ct. 421 (2014).

We conclude that Brown's sentence is substantively reasonable. The district court did not consider the Guidelines to be mandatory and the application of the career offender guideline does not, in and of itself, rebut the presumption that the sentence is reasonable. The district court responded to defense counsel's arguments for a below-Guidelines sentence meaningfully and with specificity, and explained its chosen sentence. Furthermore, Brown presents no evidence to rebut the presumption of reasonableness applicable to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED